LAW OFFICES OF

# VIKRANT PAWAR

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

writer's email
VIK@PAWARLAW.COM

TEL (212) 571 0805
FAX (212) 571 0938

www.pawarlaw.com

February 6, 2014

**BY MAIL**
The Clerk of the Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Jones et al. v. The City of New York, et al.,* 13 CV 5222 (RJS)

Dear Clerk:

Enclosed please find plaintiffs' Second Amended Complaint for filing. A PDF copy has been emailed to case-openings.

Very truly yours,

Vik Pawar (VP9101)

Cc:   Mr. James Desmond, Jr., Esq. (by email)
        Assistant Corporation Counsel

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
QUINCY JONES AND JAMAL PEOPLES,

                    Plaintiffs,

          -against-

THE CITY OF NEW YORK, P.O. THOMAS NUZIO,
P.O. CHRISTOPHER NUNZIATO,
JOHN AND JANE DOES, 1-10, ET AL.,

                    Defendants.
-----------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

**Jury Demand**

13 CV 5222 (RJS)

Plaintiffs QUINCY JONES and JAMAL PEOPLES (hereinafter "Plaintiffs") by and through their attorneys, Vik Pawar, Esq., and Robert Blossner, Esq., respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for reform, injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.  The action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.  Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiffs are citizens of the United States, and were at all relevant time residents in the County of Bronx, State of New York.

7.  Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

9.  The named and yet to be identified individual defendants were and are

employees of defendant City and other government entities and are sued in their individual and official capacities and are alleged to have acted under the color of state law.

## FACTS

10. On November 13, 2011, plaintiffs who are musicians and play at a local club were leaving the club in the vicinity of Waverly Place and Sixth Avenue when they were stopped by defendants Nuzio and Nunziato for no apparent reason.

11. The plaintiffs, who are both African-American, and had committed no crime or violation were then questioned by the police as to why they were in the neighborhood and why they were out so late.

12. Plaintiffs responded that they had done nothing wrong and had just got done playing a gig at the Village Underground, the name of the club.

13. Defendants told the plaintiffs to leave and not to come back in the neighborhood.

14. On November 20, 2011, plaintiffs had just left a club after watching a band and were on their way home, when Nuzio and Nunziato again stopped them and started to once again harass them.

15. The defendant officers were visibly upset and told plaintiffs that "we thought we told you not to come around here anymore."

16. Plaintiffs responded once again that they had committed no crime.

17. Defendant officers at this point threw plaintiffs and another individual Jonathan Jones up against their van and used excessive force in arresting the plaintiffs.

18. The nature of the force included but was not limited to banging their head against the van, yanking their hands back and putting tight handcuffs upon them restricting blood flow.

19. Defendants failed to inform plaintiff about the nature of charges against them and took them to the precinct.

20. Once they arrived at the precinct, the plaintiffs were confined inside a jail cell for approximately 5-6 hours. Defendant Nuzio then gave the plaintiffs and Mr. Jones a "pink summons" which required their appearance in Court, failure to do so would have resulted in a warrant issued for their arrest.

21. After numerous court appearances, all charges against plaintiffs were dismissed on February 1, 2012.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Excessive Force)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. There was no probable cause for the initial stop, nor for the arrest or the continued incarceration and as such it resulted in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

24. As a result of the aforementioned conduct of defendants, Plaintiffs' constitutional right to be free from unreasonable search and seizure were violated and they sustained injuries thereby.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiffs and in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

27. As a result of the foregoing, Plaintiffs were deprived of their liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

28. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants by filing false charges against plaintiffs knew that plaintiffs would have to endure numerous court appearances and yet defendants arrested them.

30. As a result of the foregoing, Plaintiffs were deprived of liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting individuals simply based on their race and color to show that they are doing something about crime, to inflate their statistics and to generate overtime.

34. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

35. As a result of this conduct and through discovery, it will be established that the City of New York is liable under *Monell* in that the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

36. Although each new arrestee is to be brought before a desk supervisory officer at the Precinct of arrest who is to review for accuracy and propriety the charges, evidence, and prospective defendant. In the instant matter there was a purposeful and intentional avoidance of supervisory responsibility in that senior officers acquiesced or turned a blind eye to simply view and observe the evidence produced by a junior member of the force.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Discrimination under Section 1981)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants targeted plaintiffs because of their race and color and falsely arrested them without any probable cause.

39. As a result of defendants' conduct, Plaintiffs suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Fifty Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
February 6, 2014

> PAWAR LAW GROUP P.C.
> 20 Vesey Street, Suite 1210
> New York, New York 10007
> (212) 571-0805
>
> By: /s/ Vik Pawar
> Vik Pawar, Esq.
> Robert Blossner, Esq.
> *Attorneys for Plaintiff*